UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | Claim No: 1999A17368/1999A19761/1999A22354 |
| | § | |
| vs. | § | |
| | § | |
| Leroy S. Hearn | | |

# COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

## Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

## Venue

2. The defendant is a resident of Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 14885 Forrer Street, Detroit, Michigan 48227.

## The Debt

First Cause of Action - Claim Number: 1999A17368

3. The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $938.64 |
| B. Current Capitalized Interest Balance and Accrued Interest | $1,929.16 |
| C. Administrative Fee, Costs, Penalties | $0.00 |

| | |
|---|---|
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |
| E. Attorneys fees | $0.00 |
| **Total Owed – Claim Number 1999A17368** | **$2,867.80** |

Second Cause of Action - Claim Number: 1999A19761

4. The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $117.06 |
| B. Current Capitalized Interest Balance and Accrued Interest | $105.39 |
| C. Administrative Fee, Costs, Penalties | $60.45 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |
| E. Attorneys fees | $0.00 |
| **Total Owed – Claim Number 1999A19761** | **$282.90** |

Third Cause of Action - Claim Number: 1999A22354

5. The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $50.00 |
| B. Current Capitalized Interest Balance and Accrued Interest | $46.77 |
| C. Administrative Fee, Costs, Penalties | $26.55 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |
| E. Attorneys fees | $0.00 |
| **Total Owed – Claim Number 1999A22354** | **$123.32** |

**TOTAL OWED (Claim Numbers 1999A17368/1999A19761/1999A22354) $3,274.02**

The Certificates of Indebtedness, attached as Exhibits "A", "B", and "C", show the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the respective Certificates of Indebtedness, are correct as of the date of the Certificates of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 8.000% per annum or $0.21 per day on Claim Number 1999A17368, 3.000% per annum or $.01 per day on Claim Number 1999A19761, and 3.000% per annum or $0.004 per day on Claim Number 1999A22354.

**Failure to Pay**

6. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraphs 3, 4, and 5 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

By: s/Charles J. Holzman (P35625)
Holzman Corkery, PLLC
Attorneys for Plaintiff
Tamara Pearson (P56265)
28366 Franklin Road
Southfield, Michigan 48034
(248) 352-4340
usa@holzmanlaw.com

**U. S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

CERTIFICATE OF INDEBTEDNESS

Leroy S. Hearn
Leroy Hearn
20485 Manor St.
Detroit, MI 48221

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 4-9-99 .

On or about 6-21-84, the borrower executed promissory note(s) to secure loan(s) of $2,500.00 from MFGRS Hanover Trust Co., Hicksville, NY at 8 percent interest per annum. This loan obligation was guaranteed by New York State Higher Education Service Corporation, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payment according to the terms of the note(s), and credited $1,561.36 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 11-18-86 , and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $938.64 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 5-22-93 , assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $ 938.64 |
| Interest: | $ 946.89 |
| Administrative/Collection Costs: | $ .00 |
| Late fees: | $ .00 |
| Total debt as of 4-9-99 : | $ 1,885.53 |

Interest accrues on the principal shown here at the rate of $.21 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 4/17/99

Name: [signature]
Title Loan Analyst
Branch Litigation

398 01 03 8359

2/84

# NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION GUARANTEED STUDENT LOAN PROMISSORY NOTE

B-840421 1510

JUL 18 1984

Social Security Number

001846603-2 01

NYSHESC Acct. Number

690 345 1389.29

8 % Interest Rate

LEROY S HEARN
Name of Borrower

158 20 137TH AVE
Borrower Street Address

JAMAICA NY 11434
City State Zip Code

MFGRS HANOVER TRUST CO 028900
Name of Lender

100 DUFFY AVE
Lender Street Address

HICKSVILLE NY 11801
City State Zip Code

**ANNUAL PERCENTAGE RATE**
The cost of your credit as a yearly rate.

Prior to repayment 6.44 %  During repayment 8 %

**Amount Financed**
The amount of credit provided to you.

$ 2,369.80

**Late Charge:** If a payment is late, you may be charged $5.00 or 5% of the payment, whichever is less.

**Prepayment:** If you pay off early, you will not have to pay a penalty, and you may be entitled to a refund of part of the finance charge.

See the promissory note for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

ENDORSEMENT
Pay to NYSHESC Without Recourse and Without Warranty
MANUFACTURERS HANOVER TRUST COMPANY

By: [signature] (Authorized Signature) (Title)
JOHN VOLPE
Assistant Vice President

JOHN VOLPE
Assistant Vice President

The Grace Period on this loan is 6 months.

If you are not eligible for a full State or Federal interest subsidy during the in-school period of this loan, then such interest must be paid as follows.

- ☐ quarterly
- ☐ by means of capitalization when I enter repayment

In the event of prepayment, the method of calculating any rebate of unearned interest is Rule of 78's

Hearn, Leroy

Itemization of the Amount Financed of $ 2,369.80

Loan Amount $ 2,500

Less: Prepaid Finance Charge $ 130.20 Equals: Amount paid to you $ 2,369.80

Includes:

Insurance Premium $ 5.20

Origination fee ( 5 % of Loan Amount) $ 125.00

11-19-86

**REPAYMENT OF LOANS - MILITARY SERVICE**

Under certain circumstances, military personnel may have their loans repaid by the Secretary of Defense, in accordance with Section 902 of the Department of Defense Authorization Act of 1981 (PL 96-342, 10 U.S.C. 2141, Note) Questions concerning the program should be addressed to the local service recruiter. The program described is a recruiting program and does not pertain to prior service individuals or those not eligible for enlistment in the Armed Forces.

(BE SURE TO READ THE REVERSE SIDE, THEN SIGN AND DATE BOTH COPIES.)

I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE

APR 09 1999

NAME DATE

I. Upon maturity in accordance with paragraph II, below I promise to pay to the lender or subsequent holder of this promissory note the Loan Amount plus interest on the unpaid principal balance thereof, at the Interest Rate, as these terms are stated above.

II. MATURITY (w . this note becomes due and payable)
This note matures and I must either pay it in full or commence monthly payments in accordance with paragraph III below, upon the happening of any of the following events:
1) the last day of the last month of the grace period (the grace period begins when I leave school or cease to be enrolled on at least a halftime basis).
2) immediately, in full, if I fail to enroll in the school for the academic period for which the loan was made (even if I intend to continue my education at a later date in the same school, or in a different school).
3) at the option of the lender, or the holder of this note, or NYSHESC, if I fail to verify my status as a student when requested.
4) immediately, in full, if this loan was made or guaranteed in error or in reliance upon a false statement.

III. REPAYMENT
I understand that I am responsible for paying all interest which accrues on or after the date of maturity of this note, whether a demand for payment has been made or not. THIS IS NOT A DEMAND INSTRUMENT, AND MY OBLIGATION TO BEGIN TIMELY REPAYMENT OF PRINCIPAL AND INTEREST WILL NOT BE FORGIVEN FOR ANY REASON, INCLUDING LENDER OR NYSHESC ERROR, EXCEPT UPON CONSENT OF NYSHESC. I understand that at or prior to maturity, the lender will forward to me a statement, setting forth the total amount of all my Guaranteed Student Loans, the ANNUAL PERCENTAGE RATE, the FINANCE CHARGE, the total of payments, and the scheduled amount of each monthly payment. If upon maturity I have not received such statement, I agree to immediately provide written notification to the lender or subsequent holder of this promissory note that my loan has matured. If I wish to repay my loan(s) over a shorter or longer period of time, I will contact the lender. The following rules apply. The loan must be repaid within 15 years of the date of the first disbursement, over a repayment period that lasts at least 5 years, but no more than 10 years from the date of maturity. However, the following exceptions to this rule also apply:

A. If, during the grace period, I have agreed with the lender to a repayment period of less than 5 years, I may later choose to have the repayment period extended to 5 years.
B. The lender may require a repayment period shorter than 5 years, if necessary, to ensure that during each year of the repayment period I (or, if both my spouse and I have Guaranteed Student Loans outstanding, we) pay toward principal and interest at least $600 or the unpaid balance, whichever is less, of the total amount owing to all holders of my (or our) loan(s).
C. Any period described under DEFERMENT or FORBEARANCE in this Promissory Note will not be included in determining either the 15-year period or the 5- to 10-year period mentioned above.

IV. DEFERMENT and FORBEARANCE
1) DEFERMENT - After the repayment period has begun, installments of principal need not be paid during any of the periods listed below. Additionally, if I originally received interest benefits on my loan(s), I may be entitled to receive benefits during these periods as well. I understand that my entitlement to a DEFERMENT depends upon my contacting the bank to arrange for it and submission of appropriate proof.

i) During any period in which I am pursuing a full-time course of study at an approved school, or when I am studying full-time under a graduate fellowship program approved by the U.S. Secretary of Education, or when I am studying full-time pursuant to a rehabilitation program for disabled individuals approved by the Secretary of Education.
ii) During any period, not in excess of three years, in which I am a member of the Armed Forces of the United States, or the Commissioned Corps of the U.S. Public Health Service.
iii) During any period not in excess of three years in which I am in service as a volunteer under the Peace Corps Act or the Domestic Volunteer Service Act of 1973.
iv) During any period, not in excess of three years, in which I am in service, comparable to the service referred to in clause (iii), as a full-time volunteer for an organization which is exempt from taxation under Section 501(c)(3) of the Internal Revenue Code of 1954.
v) During any period, not in excess of two years, in which I am serving an internship which is necessary in order to begin professional practice.
vi) During any period not in excess of three years during which I am temporarily totally disabled, or during which I am unable to secure employment by reason of the care required by a spouse who is so disabled.
vii) During a single period not exceeding twelve months in which I am seeking but unable to find full-time employment.

2) FORBEARANCE (hardship cases) - After the repayment period has begun, if poor health or other personal problems affect my ability to make scheduled payments, I may be eligible for FORBEARANCE as provided for in the regulations at the discretion of the lender on the repayment of my loan(s). FORBEARANCE neither defers nor forgives the payment of interest.

V. DEFAULT - If I fail to make any payment of principal or interest when due under this note, or should I make any assignment for the benefit of creditors, or if any bankruptcy proceedings be commenced by or against me, then the holder of the note or NYSHESC may, at its option, accelerate the maturity of all payments due hereunder, in which event the entire unpaid balance of this note plus accrued interest and other late charges or default charges (Section VI) shall become immediately due and payable. In the event that bankruptcy proceedings are commenced by or against me, I specifically agree to notify NYSHESC of such occurrence in writing within twenty (20) days of the filing of a petition.

VI. DEFAULT and LATE CHARGES - I agree to pay, in the event of default, reasonable attorney's fees of up to 20% of the amount due, plus costs and other charges necessary to collect any amount not paid when due. If I fail to make a monthly payment within 10 days of its due date, the lender may assess a late charge not to exceed 5% of the late payment, or $5.00, whichever is less.

VII. FURTHER AGREEMENTS AND UNDERSTANDINGS
1. If I die or become permanently and totally disabled (as determined in accordance with applicable regulations) NYSHESC or the United States will pay off the remaining balance of my loan.
2. I authorize the lending institution to make any check for the loan made under this note payable jointly to me and the school indicated on my application.
3. Delay on the lender's part (or the holder if the loan is transferred) or NYSHESC to enforce any conditions of this note shall not release the borrower from these conditions nor prevent the lender (or the holder if the loan is transferred) or NYSHESC from enforcing any or all of these conditions in the future.
4. I understand that I must repay this loan even though I may be under eighteen (18) years of age.
5. If I go into default on this loan, I agree to be sued in Albany County, New York.
6. If the school which I am attending closes during the academic period for which I received this loan, I may be eligible for forgiveness of all or part of this loan.
7. I agree to comply with any and all changes in the statutes or regulations governing the Guaranteed Student Loan Program to the extent such changes are applicable to me.
8. The insurance premium is computed from the first day of the month following the disbursement to the last day of the grace period. A prorated share of the insurance premium will be refunded if at least $100 of the loan is prepaid within 120 days of disbursement.

VIII. I acknowledge receipt, prior to signing this note, of a copy hereof containing the disclosure statement required by law, and of a copy of the borrower's Statement of Rights and Responsibilities.

Leroy S. Hearn
Borrower

June 24, 84
Date

HE 700

I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE

APR 0 9 1999

NAME DATE

**U. S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

**CERTIFICATE OF INDEBTEDNESS**

Leroy S. Hearn
Leroy Hearn
20485 Manor St.
Detroit, MI 48221

I certify that Department of Education records show that the debtor named above is indebted to the United States in the amount stated below plus additional interest from 4-9-99

On or about 8-13-80, 8-13-80, the debtor executed promissory note(s) to secure loan(s) of $65.00, $70.00 from Detroit Business Institute, Detroit, MI at 3 percent interest per annum. The institution made the loan(s) under the Federally-funded National Direct Student Loan, now Perkins Student Loan, programs authorized under Title IV-E of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087 aa *et seq.* (34 C.F.R Part 674). The institution demanded payment according to the terms of the notes, and the debtor defaulted on the obligation on 2-2-82. Due to this default, the institution assigned all rights and title to the Department of Education.

After the institution credited all cancellations due and payments received, the debtor owed the school $117.06 principal and interest in the amount of $7.83. This principal and interest together with any unpaid late charges totaled $124.89. The loan was assigned to the Department on 7-28-84.

Since assignment of the loan, the Department has received a total of $0 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the debtor owes the United States the following:

| | |
|---|---|
| Principal: | $ 117.06 |
| Interest: | $ 59.47 |
| Fees/Costs: | $ 60.45 |
| Late charges | $ .00 |
| Total Debt as of 4-9-99 : | $ 236.98 |

Interest accrues on the principal shown here at the rate of $.01 per day.

Pursuant to 28 U.S.C. S 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 4/17/99

Name: [signature]
Title: Loan Analyst
Branch: Litigation

## PROMISSORY NOTE
NATIONAL DIRECT STUDENT LOAN PROGRAM

| (CITY, STATE, AND ZIP CODE) |
|---|
| Detroit, MI 48221 |
| STUDENT SECURITY NUMBER |

I, Leroy Hearn, hereinafter called the maker promise to pay TO Detroit Business Institute, hereinafter called the lending institution, (NAME OF INSTITUTION) LOCATED AT 115 State Street Detroit, MI 48226, the sum of such amounts as may from time to time be advanced to me and endorsed in the Schedule of Advances below together with all attorney's fees and other costs and charges necessary for the collection of any amount not paid when due.

SCHEDULE OF ADVANCES

| AMOUNT | DATE | SIGNATURE OF MAKER |
|---|---|---|
| 1 $65.00 | 8/13/80 | Leroy S. Hearn |
| 2 $70.00 | 8/13/80 | Leroy S. Hearn |
| 3 $ | | |
| 4 $ | | |
| 5 $ | | |
| 6 $ | | |

The maker further understands and agrees, and it is understood between the parties that:

I. All sums advanced pursuant to this note are drawn from a fund created under Part E of Title IV of the Higher Education Act of 1965, as amended, hereinafter called the Act. Such terms of the note as are subject to interpretation shall be construed in the light of such Act and federal regulations pertaining to such Act, copies of which shall be kept by the lending institution.

II. Repayment of principal, together with interest thereon, shall be made over a period commencing (except when Paragraph III (3) is applicable) 9 months after the date on which the maker ceases to carry, at an institution of higher education, or at a comparable institution outside the States approved for this purpose by the U.S. Commissioner of Education, hereinafter called the Commissioner, at least one-half the normal full-time academic workload and ending 10 years and 9 months after such date. Interest of 3 per centum per annum shall accrue from the beginning of such repayment period. Repayment of principal, together with interest thereon, shall be made in equal monthly installments (as determined by the lending institution) in accordance with the schedule which is attached to and made part of this note.

III. This note is subject also to the following conditions:

(1) The maker may at his option and without penalty prepay all or any part of the principal, plus the accrued interest thereon, at any time.

(2) In the event of a failure to meet a scheduled repayment of any of the installments due on this note, the entire unpaid indebtedness including interest due and accrued thereon, shall, at the option of the lending institution, become immediately due and payable.

(3) Interest shall not accrue, and installments need not be paid during any period (A) during which the maker is carrying, at an institution of higher education or at a comparable institution outside the States approved for this purpose by the Commissioner, at least one-half the normal full-time academic workload or (B) not in excess of 3 years during which the maker (I) is on full-time active duty as a member of the Armed Forces (Army, Navy, Air Force, Marine Corps, or Coast Guard) of the United States, (II) is in service as a volunteer under the Peace Corps Act, or (III) is in service as a volunteer under Title VIII of the Economic Opportunity Act of 1965 (Vista). Any such period in (a) or (b) shall not be included in determining the 10-year period during which repayment must be completed as specified in paragraph II.

(4) If the maker undertakes service after June 30, 1972, (a) as a full-time teacher in a public or other nonprofit private elementary or secondary school which is in a school district of a local educational agency which is eligible in such year for assistance pursuant to Title I of the Elementary and Secondary Education Act of 1965 and which for the purposes of this clause and for that year has been designated by the Commissioner in accordance with the provisions of Section 465(A)(2) of the Act as a school with a high enrollment of students from low-income families, or (b) as a full-time teacher of handicapped children (including mentally retarded, hard of hearing, deaf, speech impaired, visually handicapped, seriously emotionally disturbed, or other health-impaired children who by reason thereof require special education) in a public or other nonprofit elementary or secondary school system, for each complete year of such service the amount of this note shall be reduced at the rate of 15 per centum of the total principal amount of the loan plus interest thereon for the first and second year of such service, 20 per centum of the total principal amount plus interest thereon for the third and fourth year of such service, and 30 per centum of the total principal amount plus interest thereon for the fifth year of such service.

(5) If, after June 30, 1972, the maker undertakes service as a full-time staff member in a preschool program carried on under Section 222(A)(1) of the Economic Opportunity Act of 1964 (Head Start) which is operated for a period which is comparable to a full school year in the locality, and provided that the salary of such staff member is not more than the salary of a comparable employee of the local educational agency, the principal amount of this note shall be reduced at the rate of 15 per centum of the total principal amount of the loan plus interest thereon for each complete year of such service.

(6) If, after June 30, 1972, the maker serves as a member of the Armed Forces of the United States, up to 50 per centum of the principal amount of this loan shall be reduced at the rate of 12½ per centum of the total principal amount of the loan, plus interest thereon, for each complete year of service in an area of hostilities that qualifies for special pay under Section 310 of Title 37, United States Code.

(7) The maker is responsible for informing the lending institution of any change or changes in his address.

(8) Notwithstanding the repayment schedule otherwise calculable to Part II, the maker shall repay the total principal amount of this loan at the rate of not less than $30 per month. In the event the maker receives or has received other National Direct Student Loans from other funds authorized by the Act at one or more other lending institutions, he/she shall repay this note at a monthly rate equal to not less than the amount by which $30 exceeds the total monthly rate of principal repayment on all such other loans.

(9) If the maker fails to make timely payment of all or any part of a scheduled installment, or if the maker is eligible for deferment or cancellation of payment (pursuant to Part III(3), (4), (5), or (6)), but fails to submit timely and satisfactory evidence thereof, the maker promises to pay the charge assessed against him by the lending institution. No charge may exceed $1 for the first month or part of a month by which such installment or evidence is late, and $2 for each month or part of a month thereafter. If the lending institution elects to add the assessed charge to the outstanding principal of the loan, it shall so inform the maker prior to the due date of the next installment.

IV. This note shall not be assigned by the lending institution except, upon transfer of the maker to another institution participating in this program (or, if not so participating, is eligible to do so and is approved by the Commissioner for such purpose), to such institution; provided that assignment may be made to (a) institutions other than those to which the maker has transferred or to the United States where the lending institution ceases to function as an educational institution and (b) to the United States if this note has been in default for two years. The provisions of this note that relate to the lending institution shall where appropriate relate to an assignee.

V. The maker hereby certifies that he has listed below all of the National Direct Student Loans (or National Defense Student Loans) he has obtained at other institutions.

SCHEDULE OF NATIONAL DIRECT STUDENT LOANS AND NATIONAL DEFENSE STUDENT LOANS AT OTHER INSTITUTIONS

| AMOUNT | DATE | INSTITUTION | SIGNATURE OF MAKER |
|---|---|---|---|
| 1 $ | | | |
| 2 $ | | | |

SIGNATURE Leroy S. Hearn DATE 8/13/80, 19

PERMANENT ADDRESS 20485 Manor Detroit, MI 48221
(STREET OR BOX NUMBER, CITY, STATE, AND ZIP CODE)

CAVEAT—This note shall be executed without security and without endorsement, except that if the maker is a minor and this note would not, under the law of the state in which the lending institution is located, create a binding obligation, either security or endorsement may be required. The lending institution shall supply a copy of this note to the maker.

SIGNATURE OF ENDORSER ______ DATE ______, 19

PERMANENT ADDRESS ______
(STREET OR BOX NUMBER, CITY, STATE, AND ZIP CODE)

191

I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE

Beverly Myers APR 09 1999

NAME DATE

[illegible]

I CERTIFY UNDER PENALTY OF
PERJURY THAT THIS IS A TRUE
AND EXACT COPY OF THE
ORIGINAL PROMISSORY NOTE
DATE
NAME

[illegible]

Executive Vice President
5/10/84

LOAN NO: 8406011781 08-07-84
HEARN*LEROY 2*

I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE

Beverly Myers APR 09 1999

NAME DATE

**U. S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

**CERTIFICATE OF INDEBTEDNESS**

Leroy S. Hearn
Leroy Hearn
20485 Manor St.
Detroit, MI 48221

I certify that Department of Education records show that the debtor named above is indebted to the United States in the amount stated below plus additional interest from 4-9-99

On or about 11-15-81, 4-14-81, the debtor executed promissory note(s) to secure loan(s) of $50.00, $50.00 from Detroit Business Institute, Detroit, MI at 3 percent interest per annum. The institution made the loan(s) under the Federally-funded National Direct Student Loan, now Perkins Student Loan, programs authorized under Title IV-E of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087 aa *et seq.* (34 C.F.R Part 674). The institution demanded payment according to the terms of the notes, and the debtor defaulted on the obligation on 11-2-81. Due to this default, the institution assigned all rights and title to the Department of Education.

After the institution credited all cancellations due and payments received, the debtor owed the school $50.00 principal and interest in the amount of $5.07. This principal and interest together with any unpaid late charges totaled $55.07. The loan was assigned to the Department on 7-28-84.

Since assignment of the loan, the Department has received a total of $0 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the debtor owes the United States the following:

| | |
|---|---|
| Principal: | $ 50.00 |
| Interest: | $ 27.15 |
| Fees/Costs: | $ 26.55 |
| Late charges | $ .00 |
| Total Debt as of 4-9-99 : | $ 103.70 |

Interest accrues on the principal shown here at the rate of $.00 per day.

Pursuant to 28 U.S.C. S 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 4/17/99

Name: [signature]
Title: Loan Analyst
Branch: Litigation

# PROMISSORY NOTE

NATIONAL DIRECT STUDENT LOAN PROGRAM

(CITY, STATE, AND ZIP CODE) Detroit, Michigan 48226

STUDENT SOCIAL SECURITY NUMBER

I, Leroy Hearn, hereinafter called the maker promise to pay TO Detroit Business Institute (NAME OF INSTITUTION), hereinafter called the lending institution, LOCATED AT 115 State Street Detroit, MI 48226, the sum of such amounts as may from time to time be advanced to me and endorsed in the Schedule of Advances below together with all attorney's fees and other costs and charges necessary for the collection of any amount not paid when due.

SCHEDULE OF ADVANCES

| AMOUNT | DATE | SIGNATURE OF MAKER |
|---|---|---|
| 1 $ 50.00 | 1/15/81 | Leroy S. Hearn |
| 2 $ 50.00 | 4/14/81 | Leroy S. Hearn |
| 3 $ | | |
| 4 $ | | |
| 5 $ | | |
| 6 $ | | |

The maker further understands and agrees, and it is understood between the parties that:

I. All sums advanced pursuant to this note are drawn from a fund created under Part E of Title IV of the Higher Education Act of 1965, as amended, hereinafter called the Act. Such terms of the note as are subject to interpretation shall be construed in the light of such Act and federal regulations pertaining to such Act, copies of which shall be kept by the lending institution.

II. Repayment of principal, together with interest thereon, shall be made over a period commencing (except when Paragraph III (3) is applicable) ~~9~~ 6 L.H. months after the date on which the maker ceases to carry, at an institution of higher education, or at a comparable institution outside the States approved for this purpose by the U.S. Commissioner of Education, hereinafter called the Commissioner, at least one-half the normal full-time academic workload and ending 10 years and 9 months after such date. Interest of 3 per centum per annum shall accrue from the beginning of such repayment period. Repayment of principal, together with interest thereon, shall be made in equal monthly installments (as determined by the lending institution) in accordance with the schedule which is attached to and made part of this note.

III. This note is subject also to the following conditions:

(1) The maker may at his option and without penalty prepay all or any part of the principal, plus the accrued interest thereon, at any time.

(2) In the event of a failure to meet a scheduled repayment of any of the installments due on this note, the entire unpaid indebtedness including interest due and accrued thereon, shall, at the option of the lending institution, become immediately due and payable.

(3) Interest shall not accrue, and installments need not be paid during any period (A) during which the maker is carrying, at an institution of higher education or at a comparable institution outside the States approved for this purpose by the Commissioner, at least one-half the normal full-time academic workload or (B) not in excess of 3 years during which the maker (I) is on full-time active duty as a member of the Armed Forces (Army, Navy, Air Force, Marine Corps, or Coast Guard) of the United States, (II) is in service as a volunteer under the Peace Corps Act, or (III) is in service as a volunteer under Title VIII of the Economic Opportunity Act of 1965 (Vista). Any such period in (a) or (b) shall not be included in determining the 10-year period during which repayment must be completed as specified in paragraph II.

(4) If the maker undertakes service after June 30, 1972, (a) as a full-time teacher in a public or other nonprofit private elementary or secondary school which is in a school district of a local educational agency which is eligible in such year for assistance pursuant to Title I of the Elementary and Secondary Education Act of 1965 and which for the purposes of this clause and for that year has been designated by the Commissioner in accordance with the provisions of Section 465(A)(2) of the Act as a school with a high enrollment of students from low-income families, or (b) as a full-time teacher of handicapped children (including mentally retarded, hard of hearing, deaf, speech impaired, visually handicapped, seriously emotionally disturbed, or other health-impaired children who by reason thereof require special education) in a public or other nonprofit elementary or secondary school system, for each complete year of such service the amount of this note shall be reduced at the rate of 15 per centum of the total principal amount of the loan plus interest thereon for the first and second year of such service, 20 per centum of the total principal amount plus interest thereon for the third and fourth year of such service, and 30 per centum of the total principal amount plus interest thereon for the fifth year of such service.

(5) If, after June 30, 1972, the maker undertakes service as a full-time staff member in a preschool program carried on under Section 222(A)(1) of the Economic Opportunity Act of 1964 (Head Start) which is operated for a period which is comparable to a full school year in the locality, and provided that the salary of such staff member is not more than the salary of a comparable employee of the local educational agency, the principal amount of this note shall be reduced at the rate of 15 per centum of the total principal amount of the loan plus interest thereon for each complete year of such service.

(6) If, after June 30, 1972, the maker serves as a member of the Armed Forces of the United States, up to 50 per centum of the principal amount of this loan shall be reduced at the rate of 12½ per centum of the total principal amount of the loan, plus interest thereon, for each complete year of service in an area of hostilities that qualifies for special pay under Section 310 of Title 37, United States Code.

(7) The maker is responsible for informing the lending institution of any change or changes in his address.

(8) Notwithstanding the repayment schedule otherwise calculable to Part II, the maker shall repay the total principal amount of this loan at the rate of not less than $30 per month. In the event the maker receives or has received other National Direct Student Loans from other funds authorized by the Act at one or more other lending institutions, he/she shall repay this note at a monthly rate equal to not less than the amount by which $30 exceeds the total monthly rate of principal repayment on all such other loans.

(9) If the maker fails to make timely payment of all or any part of a scheduled installment, or if the maker is eligible for deferment or cancellation of payment (pursuant to Part III(3), (4), (5), or (6)), but fails to submit timely and satisfactory evidence thereof, the maker promises to pay the charge assessed against him by the lending institution. No charge may exceed $1 for the first month or part of a month by which such installment or evidence is late, and $2 for each month or part of a month thereafter. If the lending institution elects to add the assessed charge to the outstanding principal of the loan, it shall so inform the maker prior to the due date of the next installment.

IV. This note shall not be assigned by the lending institution except, upon transfer of the maker to another institution participating in this program (or, if not so participating, is eligible to do so and is approved by the Commissioner for such purpose), to such institution; provided that assignment may be made to (a) institutions other than those to which the maker has transferred or to the United States where the lending institution ceases to function as an educational institution and (b) to the United States if this note has been in default for two years. The provisions of this note that relate to the lending institution shall where appropriate relate to the assignee.

V. The maker hereby certifies that he has listed below all of the National Direct Student Loans (or National Defense Student Loans) he has obtained at other institutions.

SCHEDULE OF NATIONAL DIRECT STUDENT LOANS AND NATIONAL DEFENSE STUDENT LOANS AT OTHER INSTITUTIONS

| AMOUNT | DATE | INSTITUTION | SIGNATURE OF MAKER |
|---|---|---|---|
| 1 $ | | | |
| 2 $ | | | |

SIGNATURE Leroy S. Hearn DATE 1/15/, 19 81

PERMANENT ADDRESS 21108 Manor, Detroit, MI 48221

(STREET OR BOX NUMBER, CITY, STATE, AND ZIP CODE)

CAVEAT—This note shall be executed without security and without endorsement, except that if the maker is a minor and this note would not, under the law of the State in which the lending institution is located, create a binding obligation, either security or endorsement may be required. The lending institution shall supply a copy of this note to the maker.

SIGNATURE OF ENDORSER DATE, 19

PERMANENT ADDRESS

(STREET OR BOX NUMBER, CITY, STATE, AND ZIP CODE)

DH

I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE

APR 0 9 1999

NAME DATE

"All right, title and interest of the undersigned is hereby assigned (without warranty), to the United States of America"

Name of Institution DETROIT BUSINESS INSTITUTE, INC.

Signature of Officer [signature]

Title of Officer Executive Vice President

Date Signed 5/10/84

LOAN NO: 8406011782 08-07-84
HEARN*LEROY S*

I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE

Boyd Myers APR 0 9 1999

NAME DATE